**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 17-4254**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MAURICE EUGENE MOORE, JR., a/k/a MJ,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (4:16-cr-00025-H-1)

---

Submitted: November 30, 2017                Decided: December 19, 2017

---

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mark D. Stewart, BURCH LAW OFFICE, Greenville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Eugene Moore, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012), and possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012), and was sentenced to 300 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Moore's guilty plea is valid and whether Moore's sentence is reasonable. Although advised of his right to file a supplemental pro se brief, Moore has not done so. The Government declined to file a response brief. We affirm.

Counsel first questions the validity of Moore's guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Moore did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Our review of the transcript reveals that the magistrate judge substantially complied with the requirements of Fed. R.

2

Crim. P. 11, that a factual basis supported the plea, and that Moore's plea was knowingly and voluntarily entered. Accordingly, we conclude that Moore's guilty plea is valid.

Next, counsel questions whether Moore's sentence is reasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) [(2012)] using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration and internal quotation marks omitted)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.*

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript reveals no significant procedural errors. The district court accurately calculated Moore's advisory Guidelines range, gave the

3

parties the opportunity to present argument and Moore the opportunity to allocute, considered the § 3553(a) factors, and adequately explained its reasons for imposing the sentence. We further conclude that Moore has not met his burden of rebutting the presumption that his below-Guidelines-range sentence is substantively reasonable.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*